EDMUND THOMAS AND AUSTIN THOMAS v. THE STATE.

No. 1998.    Decided June 28, 1912.

**1.—Murder—Statement of Facts—Bill of Exceptions—Charge of Court.**

In the absence of a bill of exceptions and statements of facts, the complaint to the charge on circumstantial evidence can not be considered.

**2.—Same—Charge of Court—Principals.**

Where, upon trial of murder, the court's charge on principals was not subject to the criticisms made, there was no error.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Vol. LXVII Crim.—30.

Appeal from a conviction of murder in the second degree; penalty, twenty-two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Both defendants were convicted of murder in the second degree under a proper indictment and the punishment of each assessed at twenty-two years confinement in the penitentiary. No statement of facts accompanies the record, and the record containing no bills of exceptions, there is nothing for us to review.

The first ground in the motion urges that the court erred in admitting testimony. In the absence of a bill of exceptions and statement of facts, we are not made aware what testimony was introduced, nor judge of whether or not a charge on circumstantial evidence should have been given as claimed in the second ground in the motion.

The charge of the court on principals is not subject to the criticism contained in the third ground. The court did charge that if Edmund Thomas was present he would be guilty of the offense, but instructed the jury that if he was present, knowing the unlawful intent and aided by acts or encouraged by gestures those actually engaged in the offense, he would be guilty.

The judgment is affirmed.

*Affirmed.*